CONSOLIDATED BROADCASTING CORPORATION, Plaintiff-Appellant, *v.* AMERICAN ARBITRATION ASSOCIATION *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 81—1291

Opinion filed June 15, 1983.

Louis L. Biro, P.C., of Chicago (Neal D. Rosenfeld, of counsel), for appellant.

Alexander P. White, of Chicago, for appellees.

JUSTICE McGILLICUDDY delivered the opinion of the court:

Plaintiff, Consolidated Broadcasting Corporation (CBC), appeals from a decision of the circuit court of Cook County ordering plaintiff to proceed to arbitration with defendant, American Federation of Television and Radio Artists (AFTRA), before the American Arbitration As-

sociation. Plaintiff had sought an order from the circuit court staying arbitration pursuant to section 2(b) of the Uniform Arbitration Act (Ill. Rev. Stat. 1979, ch. 10, par. 102(b)). Following a hearing, the court denied plaintiff's application, but granted plaintiff's motion to stay enforcement of the arbitration order during the pendency of this appeal pursuant to Supreme Court Rule 305 (87 Ill. 2d R. 305(b)(1)).

Plaintiff contends (1) that it is the function of the court rather than an arbitrator to determine whether an agreement to arbitrate exists between the parties; (2) that since defendant did not seek arbitration until 1980, the collective bargaining agreement executed in 1968 by the parties is no longer binding; and (3) that the American Arbitration Association is not authorized to exercise jurisdiction over the parties.

On July 22, 1968, plaintiff and defendant entered into a collective bargaining agreement which remained in effect through 1977. The agreement contained the following provision:

"In the event that there shall be any claim, controversy or dispute arising with respect to this contract or the interpretation or breach thereof between AFTRA and the Company, or between a staff announcer and the Company, AFTRA and the Company agree promptly and in good faith to attempt to settle such dispute amicably. In the event that they are unable to do so, any such claim, controversy or dispute shall be settled by arbitration in accordance with the industrial arbitration rules then obtaining of the American Arbitration Association ***."

On August 8, 1978, a group of former employees of plaintiff filed suit in a Wisconsin State court to recover money allegedly due them under the terms of the 1968 collective bargaining agreement. All of the claims involved arose between 1969 and 1976 while the individual claimants were employed by plaintiff and the collective bargaining agreement of 1968 remained in full force and effect.

Plaintiff removed the suit to the United States District Court for the Eastern District of Wisconsin on October 10, 1978. The suit was dismissed on the stipulation that the claims:

"*** shall be submitted to arbitration in accordance with the terms and conditions of the Collective Bargaining Agreement executed on July 22, 1968, it being expressly agreed by all the parties that [Consolidated] does not and will not waive its procedural defenses to such arbitration proceedings including untimeliness ***."

The former employees attempted to arbitrate individually with plaintiff. When plaintiff refused to arbitrate, the employees returned to Federal court in an attempt to reopen the proceedings. On February 4,

1980, the court refused, holding:

"The Collective Bargaining Agreement only requires [Consolidated] to arbitrate with [AFTRA]. The stipulation also expressly reserves [Consolidated's] right to raise procedural defenses to the arbitration proceedings. This implies that the parties were aware of the possibility that arbitration might not actually take place if [Consolidated] were to raise a legitimate procedural defense. [Consolidated's] refusal to arbitrate was based on such a defense and [ex-employees] cannot be heard to claim surprise."

In August 1980, defendant, AFTRA, initiated arbitration proceedings before the American Arbitration Association in Chicago, Illinois, on behalf of the former employees. On October 22, 1980, plaintiff filed an action in the trial court seeking an order staying arbitration. The circuit court of Cook County ordered plaintiff to participate in the arbitration proceedings. Plaintiff appeals.

I

Plaintiff first contends and defendant agrees that it is the function of the court rather than an arbitrator to determine whether an agreement to arbitrate exists when that issue is in genuine dispute. This is a well-established principle of law. *United Steel Workers of America v. American Manufacturing Co.* (1960), 363 U.S. 564, 4 L. Ed. 2d 1403, 80 S. Ct. 1343; *Atkinson v. Sinclair Refining Co.* (1962), 370 U.S. 238, 8 L. Ed. 2d 462, 82 S. Ct. 1318; *Croom v. City of De Kalb* (1979), 71 Ill. App. 3d 370, 389 N.E.2d 647.

Further, the Illinois Uniform Arbitration Act specifically provides in section 2(a):

"On application of a party showing an agreement described in section 1, and the opposing party's refusal to arbitrate, the court shall order the parties to proceed with arbitration, but if the opposing party denies the existence of the agreement to arbitrate, the court shall proceed summarily to the determination of the issue so raised and shall order arbitration if found for the moving party, otherwise, the application shall be denied." Ill. Rev. Stat. 1979, ch. 10, par. 102(a).

In the case at bar, the trial court clearly found that the parties had agreed to arbitrate, stating:

"There is no question in my mind that there was an agreement to arbitrate. The question is how long did the agreement last, whether or not they're bound by laches by delay in filing this action, and whether or not the Union is a necessary party."

Our review of the record establishes that this decision was well

supported by the evidence before the court—the arbitration clause in the collective bargaining agreement, as well as the stipulation of the parties upon the dismissal of the cause from Federal court in 1978. Since the union, AFTRA, initiated arbitration in the instant matter, the issue as to whether the union is a necessary party is moot. The remaining issue, whether defendant is barred by *laches*, is a procedural question.

■ The United States Supreme Court addressed the issue of procedural questions arising in the context of arbitration disputes in *John Wiley & Sons, Inc. v. Livingston* (1964), 376 U.S. 543, 11 L. Ed. 2d 898, 84 S. Ct. 909. Noting the vital role of arbitration in effectuating national labor policy, the court stated that once it had been decided that the parties were obligated to arbitrate the subject matter of a dispute, procedural matters bearing upon the final disposition of that dispute should be left to the arbitrator. (376 U.S. 543, 557, 11 L. Ed. 2d 898, 909, 84 S. Ct. 909, 918.) Although plaintiff seeks to limit *Wiley* to its facts, a review of case law shows that courts have applied the rule of *Wiley* to a variety of factual situations involving procedural questions. (See, *e.g., Amalgamated Meat Cutters, Local 405 v. Tennessee Dressed Beef Co.* (6th Cir. 1970), 428 F.2d 797 (necessity of complying with preliminary grievance procedures prior to arbitration); *Bealmer v. Texaco, Inc.* (9th Cir. 1970), 427 F.2d 885, *cert. denied* (1970), 400 U.S. 926, 27 L. Ed. 2d 185, 91 S. Ct. 187 (dispute over proper formula to calculate back-pay due wrongfully discharged employees); *Local Lodge 595, Machinists v. Howe Sound Co.* (3d Cir. 1965), 350 F.2d 508 (necessity of following grievance procedure following plant closing); *Trailways of New England, Inc. v. Motor Coach Employees Division 1318* (1st Cir. 1965), 343 F.2d 815, *cert. denied* (1965), 382 U.S. 879, 15 L. Ed. 2d 120, 86 S. Ct. 164 (necessity of arbitrating grievances of discharged strikers).) Therefore, we believe the question of whether defendant is barred from arbitration by *laches* is a procedural question to be resolved by the arbitrator.

Further, in *Operating Engineers, Local 150 v. Flair Builders, Inc.* (1972), 406 U.S. 487, 32 L. Ed. 2d 248, 92 S. Ct. 1710, the court held that whether a union grievance is barred by *laches* is a question for the arbitrator on the grounds that the arbitration agreement involved required arbitration of "any difference." (406 U.S. 487, 491, 32 L. Ed. 2d 248, 252, 92 S. Ct. 1710, 1712.) The court stated that this phraseology encompassed the issue of *laches* within its broad sweep.

Illinois courts look to the United States Supreme Court for guidance in matters involving labor-management disputes. (*Croom v. City of De Kalb* (1979), 71 Ill. App. 3d 370, 374, 389 N.E.2d 647, 651.) In the

instant matter, the parties agreed to arbitrate "any claim, controversy or dispute." As in *Operating Engineers Local 150 v. Flair Builders, Inc.*, we believe this language encompasses the issue of *laches*.

## II

■ Plaintiff next contends that because the defendant did not seek arbitration until 1980, the collective bargaining agreement in effect from 1968 through 1977 was no longer controlling. However, in *Nolde Brothers, Inc. v. Local No. 358, Bakery & Confectionary Workers Union* (1977), 430 U.S. 243, 51 L. Ed. 2d 300, 97 S. Ct. 1067, the plaintiff also argued without success that the duty to arbitrate, being strictly a creature of contract, expired with the termination of the contract that brought it into existence. The court held that disputes arising under the terms of a collective bargaining agreement remained arbitrable, even though the agreement itself had expired. Plaintiff correctly points out that the court in *Nolde* declined to determine the arbitrability of claims not voiced within a reasonable time after the expiration of the contract. (430 U.S. 243, 255 n.8, 51 L. Ed. 2d 300, 311 n.8, 97 S. Ct. 1067, 1074 n.8.) However, what constitutes a reasonable time is, in our opinion, best decided by the arbitrator.

## III

■ Plaintiff's third contention is that the American Arbitration Association is not authorized to exercise jurisdiction over the parties. However, the arbitration agreement executed in 1968 provides:

> "[A]ny such claim, controversy or dispute shall be settled by arbitration in accordance with the industrial arbitration rules then obtaining of the American Arbitration Association ***."

Rule 3 specifically provides:

> "When parties agree to arbitrate under these Rules and arbitration is instituted thereunder, they thereby authorize the A.A.A. to administer the arbitration." (American Arbitration Association Voluntary Labor Arbitration Rules, at 2 (as amended and in effect February 1, 1965).)

Therefore, we find plaintiff's contention to be without merit.

For the foregoing reasons, the order of the circuit court of Cook County is affirmed.

Affirmed.

McNAMARA, P.J., and WHITE, J., concur.