# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

**Thompson v. Policemen's Benevolent Labor Committee**, 2012 IL App (3d) 110926

---

| | |
|---|---|
| Appellate Court Caption | JOHN THOMPSON, Sheriff of Bureau County, Illinois, Plaintiff-Appellant, v. POLICEMEN'S BENEVOLENT LABOR COMMITTEE, Corporation, DAWN M. DOVE, and THE COUNTY OF BUREAU, ILLINOIS, Defendants-Appellees. |
| District & No. | Third District<br>Docket Nos. 3-11-0926, 3-12-0080 cons. |
| Rule 23 Order filed<br>Motion to publish allowed<br>Opinion filed | November 30, 2012<br><br>December 31, 2012<br>December 31, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Plaintiff sheriff was required to arbitrate a labor dispute involving an employee of the sheriff's department under the collective bargaining agreement that expired over a month before the sheriff filed charges seeking to discharge the employee, since a successor collective bargaining agreement had not been completed and, therefore, the earlier agreement remained in full force and effect, even though the sheriff's employees had selected a new representative. |
| Decision Under Review | Appeal from the Circuit Court of Bureau County, No. 11-MR-05; the Hon. Joseph P. Hettel, Judge, presiding. |

| | |
|---|---|
| Judgment | Affirmed. |

| | |
|---|---|
| Judgment | Affirmed. |
| Counsel on Appeal | Melissa K. Sims (argued) and Ryan S. McCracken, both of Peru, for appellant. |
| | Shane M. Voyles (argued), of Springfield, for appellee Policemen's Benevolent Labor Committee. |
| | Patrick J. Herrmann, State's Attorney, of Princeton, for appellees County of Bureau and Dawn M. Dove. |
| Panel | JUSTICE LYTTON delivered the judgment of the court, with opinion. Justices Carter and O'Brien concurred in the judgment and opinion. |

# OPINION

¶ 1    Plaintiff John Thompson, sheriff of Bureau County, filed a declaratory judgment action against defendants, Policemen's Benevolent Labor Committee (PBLC), Dawn M. Dove and the County of Bureau, seeking a declaration that he was not required to arbitrate a decision by the Bureau County Merit Commission to discharge Dove. The trial court granted summary judgment in favor of defendants. We affirm.

¶ 2    On November 4, 2009, the county and Sheriff Thompson entered into a collective bargaining agreement with the Illinois Fraternal Order of Police Labor Council (IFOPLC). The agreement had an effective date of December 1, 2007, through November 30, 2010, and replaced a previous three-year agreement dated December 1, 2004, through November 30, 2007.

¶ 3    Among other issues, the collective bargaining agreement defined the sheriff's department's procedure for the arbitration of grievances. Article 16 of the agreement, entitled "Grievance Procedure," stated:

"**Section 16.3 Settlement Procedure**

* * *

**Step 3. Arbitration:**

The aggrieved party in any case may appeal a grievance to arbitration within ten (10) days (excluding Saturdays, Sundays and Holidays) following denial of a grievance [by the Sheriff].

* * *

**Section 16.8 Merit Commission Proceedings**

-2-

Any disciplinary action imposed by decision of the Merit Commission may be the subject of a grievance pursuant to this Article and Article 13 [Suspension, Discipline and Discharge] of this Agreement."

¶ 4    Article 39 provided an effective date and a termination date for the agreement as follows:

**Terms of Agreement**

This agreement shall be effective December 1, 2007, and shall remain in full force and effect from said date until 11:59 p.m. on the 30th day of November, 2010. It shall be automatically renewed from year to year thereafter, unless either party notifies the other in writing no more than one-hundred twenty (120) days nor less than ninety (90) days prior to the date of expiration, or the anniversary date of such yearly extension, of a desire to amend it. This Agreement may be reopened at any time if agreed to in writing by both parties, and in such event, negotiations will begin immediately. *** If negotiations for a successor Agreement have not been completed by the expiration date of the Agreement, this Agreement shall remain in full force."

¶ 5    The IFOPLC represented the employees of the sheriff's department until 2011. On January 11, 2011, the employees voted to decertify the IFOPLC. That same day, the Policeman's Benevolent Labor Committee (PBLC) was certified as the new bargaining representative of the employees of the Bureau County sheriff's department.

¶ 6    Dove was a law enforcement officer employed by the Bureau County sheriff's department from 1998 to 2011. On January 6, 2011, Sheriff Thompson filed charges against Dove with the merit commission seeking her discharge. On February 21, 2011, the merit commission unanimously voted to terminate Dove's employment. In response, the PBLC notified the sheriff that it sought to invoke the arbitration clause of the 2007-10 collective bargaining agreement and submit the merit commission's decision to binding arbitration.

¶ 7    Sheriff Thompson filed a complaint for declaratory judgment in circuit court, claiming that the arbitration agreement no longer applied because it did not extend beyond the 2010 expiration date of the collective bargaining agreement. The trial court granted PBLC's motion for summary judgment, and the sheriff filed a notice of appeal.

¶ 8    At a postjudgment status hearing, Sheriff Thompson informed the court that, in addition to pursuing arbitration, Dove and the PBLC had filed a complaint with the Illinois Labor Relations Board alleging unfair labor practices. The sheriff requested an order staying or enjoining the labor relations action. The trial court denied the sheriff's motion.

¶ 9                                              I

¶ 10   The sheriff first argues that it has no duty to arbitrate the merit commission determination with the successor union, PBLC, that arose after the predecessor's collective bargaining agreement expired or became void upon decertification.

¶ 11   When a contract is scrutinized for evidence of an intention to arbitrate a particular dispute, labor policy requires, within reason, that an interpretation that covers the asserted dispute be favored. See *United Steelworkers of America v. Warrior & Gulf Navigation Co.*, 363 U.S. 574 (1960). Thus, if a collective bargaining agreement provides in clear terms that

certain benefits continue after the agreement's expiration, disputes as to those continuing benefits may be found to arise under the agreement and become subject to the contract's arbitration provisions. *Litton Financial Printing Division v. National Labor Relations Board*, 501 U.S. 190 (1991). In *Litton*, the Supreme Court held that structural provisions relating to remedies and dispute resolution, such as arbitration, may survive in order to enforce duties arising under the contract: "We presume as a matter of contract interpretation that the parties did not intend a pivotal dispute resolution provision to terminate for all purposes upon the expiration of the agreement." *Id.* at 208; see also *Consolidated Broadcasting Corp. v. American Arbitration Ass'n*, 115 Ill. App. 3d 577 (1983).

¶ 12 Moreover, when a corporation changes hands or merges with another business, the collective bargaining agreement signed by the predecessor employer continues to exist. *John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543 (1964). The disappearance by merger of an employer who has entered into a collective bargaining agreement with a union does not automatically terminate all rights of the employees covered by the agreement; in appropriate circumstances, the successor employer may be required to arbitrate with the union under agreement. *Id.* at 548. In *Wiley & Sons*, the Supreme Court explained the survival of the duty to arbitrate in a collective bargaining agreement:

"While the principles of law governing ordinary contracts would not bind to a contract an unconsenting successor to a contracting party, a collective bargaining agreement is not an ordinary contract. *** The collective agreement covers the whole employment relationship. *** Therefore, although the duty to arbitrate as we have said [citation], must be founded on a contract, the impressive policy considerations favoring arbitration are not wholly overborne by the fact that [the successor employer] did not sign the contract being construed. This case cannot readily be assimilated to the category of those in which there is no contract whatever ***. There was a contract, and Interscience [the predecessor employer], was party to it. We thus find [the successor employer's] obligation to arbitrate this dispute in the Interscience contract construed in the context of a national labor policy." *Id.* at 550-51.

¶ 13 Here, the terms of the collective bargaining agreement are clear. The agreement states that "[i]f negotiations for a successor Agreement have not been completed by the expiration date of the Agreement, this Agreement shall remain in full force." The record demonstrates that a successor agreement had not been agreed to by the expiration date of the agreement. Thus, the 2007-10 agreement continued to remain in full force and effect.

¶ 14 The sheriff asserts that once a new exclusive bargaining representative was certified under section 9 of the Illinois Public Labor Relations Act (Act) (5 ILCS 315/9 (West 2010)), the employees of the sheriff's department lost the rights they had bargained for because the 2007-10 collective bargaining agreement became a nullity. We disagree. The agreement does not say that it is null and void if the employees exercise their statutory right to select a new bargaining representative. Moreover, section 9 of the Act does not state that a collective bargaining agreement becomes void upon decertification. Consequently, there is no clear stated intent to void the agreement upon the election of a new representative. Such a result is also contrary to labor relations policy. See *Wiley & Sons*, 376 U.S. 543. Thus, the plain language of the agreement must prevail.

-4-

¶ 15                                                    II

¶ 16      In the alternative, the sheriff argues that arbitration is not mandatory because the arbitration provision of the collective bargaining agreement does not contain a clear and unambiguous agreement to arbitrate a merit commission decision.

¶ 17      The Illinois Public Relations Act requires that everything recited in a collective bargaining agreement shall be subject to grievance arbitration "unless mutually agreed otherwise." 5 ILCS 315/8 (West 2010). Because all matters are arbitrable unless the parties agree otherwise, the relevant inquiry in a case arising under the Act is whether the parties, through their written agreement, showed an intent to exclude from arbitration the disputed matter. *City of Rockford v. Unit Six of the Policemen's Benevolent & Protective Ass'n*, 351 Ill. App. 3d 252 (2004). Section 8 of the Act incorporates the Uniform Arbitration Act by reference: "The grievance and arbitration provisions of any collective bargaining agreement shall be subject to the Illinois 'Uniform Arbitration Act'." 5 ILCS 315/8 (West 2010).

¶ 18      In *Donaldson, Lufkin & Jenrette Futures, Inc. v. Barr*, 124 Ill. 2d 435 (1988), our supreme court held that the drafters of the Uniform Arbitration Act intended to incorporate a presumption in favor of arbitration in "unclear" cases. *Donaldson*, 124 Ill. 2d at 444-45. *Donaldson* provides that it must be absolutely clear that a matter is not within the scope of the arbitration agreement for a stay to issue. Where a broad arbitration clause is involved, and it is unclear if the parties agreed to arbitrate a particular dispute, "the question of substantive arbitrability should initially be decided by the arbitrator" and not the courts. *Id.* at 448.

¶ 19      The arbitration provision in this case states that "[a]ny disciplinary action imposed by decision of the merit commission may be the subject of a grievance pursuant to this Article." The arbitration provision is clear and unambiguous and allows Dove to arbitrate the merit commission decision. Even if we construe the provision to be ambiguous, the trial court's order compelling arbitration is proper under *Donaldson*. See *id.*


¶ 20                                                   III

¶ 21      Last, the sheriff claims that the trial court erred in denying his request for a stay pursuant to section 2(d) of the Uniform Arbitration Act (Arbitration Act) (710 ILCS 5/2(d) (West 2010)).

¶ 22      Section 2(d) of the Arbitration Act provides:

"Any action or proceeding involving an issue subject to arbitration shall be stayed if an order for arbitration or an application therefore has been made under this Section or, if the issue is severable, the stay may be with respect thereto only. When the application is made in such action or proceeding, the order for arbitration shall include such stay." 710 ILCS 5/2(d) (West 2010).

¶ 23      In the postjudgment proceedings before the trial court, the sheriff did not request a stay under section 2(d) of the Arbitration Act. Instead, the sheriff asked the trial court to enter an order enjoining the administrative hearing before the Illinois Labor Relations Board. The trial court denied the request to stay and encouraged the sheriff to file a motion to continue in the labor relations action until the arbitration proceeding had concluded.

¶ 24     Under the circumstances, we find no error in the trial court's ruling. The Illinois Labor Relations Board is not a party in this case. Therefore, the trial court had no authority to enjoin the Board from hearing the labor relations complaint. See *Mahan v. Gunther*, 278 Ill. App. 3d 1108 (1996) (court must have jurisdiction over party before it can order party to cease prosecution of a case). In addition, the arbitration proceeding and the administrative complaint involve two different claims: one is a request to arbitrate Dove's discharge and the other is an unfair labor practice charge by the PBLC. Thus, the labor relations claim may or may not include remedies that involve Dove's employment. See *Kellerman v. MCI Telecommunications Corp.*, 112 Ill. 2d 428 (1986) (refusal to stay is proper where actions involved different theories and litigation strategies). The trial court properly denied the sheriff's request for a stay.

¶ 25                              CONCLUSION
¶ 26     The judgments of the circuit court of Bureau County are affirmed in all respects.

¶ 27     Affirmed.